IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV214

| | |
|---|---|
| DARRYL T. MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss Plaintiff's complaint as untimely. Plaintiff has not responded to the motion. For the reasons stated herein, the Court grants the relief sought.

## I. PROCEDURAL HISTORY

On July 22, 2002, Plaintiff filed an application for disability insurance benefits. He alleged he became disabled on April 1, 2001, due to nerve damage in his neck from an injury. **Exhibit 1,** *attached to* **Declaration of Marian Jones,** *attached to* **Defendant's Motion to Dismiss, filed June 23, 2008, at Bates No. 21-22.** At the time he filed the application, Plaintiff

was 43 years old, a high school graduate, and had work experience that included employment as a sales representative. *Id.* **at Bates No. 22.** Plaintiff's claim was denied both initially and upon reconsideration. *Id.* at **Bates No. 21.** Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ) and such was held on October 3, 2003. *Id.* On July 21, 2004, the ALJ determined that Plaintiff was not entitled to a period of disability or disability insurance benefits, and accordingly, Plaintiff's claim was denied. *Id*. **at Bates No. 29.**

Plaintiff appealed to the Appeals Council, which denied his request for review on May 10, 2005. **Exhibit 2, Notice of Appeals Council Action, dated April 6, 2007,** *attached to* **Jones Declaration, at Bates No. 5.** The Appeals Council later set aside this initial denial in order to consider additional information, but ultimately denied Plaintiff's request for review for the second time on April 6, 2007. *Id.*

When the Appeals Council notified Plaintiff of its final decision, it included a letter explaining that Plaintiff could challenge the Appeals Council decision by filing a civil action in federal district court. *Id.* **at Bates No. 6-7.** Included with the explanation of how to file the civil action was the following statement:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.* **at Bates No. 6.** The front page of the letter prominently displayed a date of April 6, 2007. *Id*. **at Bates No. 5.**

Plaintiff filed his complaint in this Court on June 14, 2007. **Complaint, filed June 14, 2007.** After some initial delays resulting from Plaintiff's failure to timely serve the complaint and accompanying summons, the Defendant filed the instant motion for dismissal.

## II. ANALYSIS

The jurisdictional grant which allows a federal district court to review a final decision of the Commissioner of Social Security is limited to the powers provided in Section 405(g) of Title 42, United States Code. In pertinent part, that section provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

**42 U.S.C. § 405(g).**

The United States Supreme Court has recognized the deadline set forth in § 405(g) as a statute of limitations. ***Bowen v. City of New York*, 476 U.S. 467, 479-82 (1986).** As such, the deadline itself is not jurisdictional and is subject to equitable tolling. ***Id*.** Thus, it has been modified by the Social Security Commissioner's regulations so that it begins to run only upon receipt of the notice rather than upon its mailing. **20 C.F.R. § 422.210(c).** According to the regulations, the date of receipt is presumed to be five days after the date of the notice, but a "plaintiff can rebut this presumption by making a 'reasonable showing to the contrary' that [he] did not receive notice within five days.'" ***McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (quoting 20 C.F.R. § 422.210(c)).**

In this case, the Appeals Council issued its final decision in Plaintiff's case on April 6, 2007. **Exhibit 2, *supra*.** Under 20 C.F.R. § 422.210(c), Plaintiff is deemed to have received the notice five days later, on April 11, 2007. Plaintiff has not disputed this fact nor made any attempt to rebut the presumption of prompt receipt discussed in *McMahan*. The sixty-day window of opportunity for the timely filing of Plaintiff's complaint thus

expired on June 10, 2007. The actual complaint, however, was not filed until June 14, 2007. **Complaint,** *supra*. Therefore, in light of Plaintiff's untimeliness, the Court concludes that the complaint must be dismissed.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss is hereby **GRANTED,** and Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

Signed: July 23, 2008

Lacy H. Thornburg
United States District Judge